# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

CHARLES W. DALTON,                    )
                                      )
     Plaintiff,                      )
                                      )
VS.                                   )          No. 14-1236-JDT-egb
                                      )
SERGEANT HENELY, ET AL.,              )
                                      )
     Defendants.                     )

_____

## ORDER TO MODIFY THE DOCKET,
## DENYING MOTION FOR A TRO OR PRELMINARY INJUNCTION,
## DISMISSING CASE,
## CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

_____

On September 16, 2014, the *pro se* Plaintiff, Charles W. Dalton, Tennessee Department of Correction ("TDOC"), who is currently incarcerated at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee,[1] filed a "Memorandum of Law in Support of Motion for a TRO and Preliminary Injunction," which the Clerk docketed as a complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1), and an "Order to Show Cause for an [sic] Preliminary Injunction or a Temporary Restraining Order," which was docketed as a motion for a temporary restraining order (ECF No. 2). Plaintiff's filings address his previous confinement at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee. After

_____

[1] The Clerk is directed to modify the docket to reflect Plaintiff's current address, which was obtained from the TDOC Felony Offender Information website, https://apps.tn.gov/foil/.

Plaintiff filed the required documentation (ECF No. 4), the Court issued an order on September 26, 2014, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b) (ECF No. 5). The Clerk shall record the Defendants as Sergeant First Name Unknown ("FNU") Henely, Sergeant FNU Amus, Chief FNU Deathridge, Warden Cherry Lindamood, Principal FNU Bell and Librarian FNU Gray.

Although Plaintiff has not filed an actual complaint, he has submitted his declaration in support of the motion for a temporary restraining order or a preliminary injunction. (ECF No. 1-1.) In that filing, Plaintiff requests access to an adequate law library. (*Id.* ¶ 1.) He states that he "is being denied access to the Courts by not being able to file motions and briefs." (*Id.* ¶ 2.) Plaintiff "is working on a Ruling of a Writ Error Corrrum [sic] Nobius [sic] in the Criminal Court of Lincoln County T.N. and [] will not be able to respond properly without an adequate law library [sic]." (*Id.* ¶ 3.) In his legal memorandum, Plaintiff states that he "is being denied the access to adequate law library as well as being denied acess [sic] to research and prepare legal documents, such as Notice of Appeal and brief for the T.N. Criminal Court of Appeals[.]" (ECF No. 1 at 1.) Plaintiff's proposed "Order to Show Cause For A[] Preliminary Injunction Or A Temporary Restraining Order" indicates that he is in protective custody. (ECF No. 2 at 2.) He requests that protective custody inmates be provided access to an adequate law library and proper legal advisors. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally

frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no

obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423

F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out

the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly

burdensome, it would transform the courts from neutral arbiters of disputes into advocates

for a particular party.  While courts are properly charged with protecting the rights of all who

come before it, that responsibility does not encompass advising litigants as to what legal

theories they should pursue.").

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two elements:  (1)

a deprivation of rights secured by the "Constitution and laws" of the United States (2)

committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398

U.S. 144, 150 (1970).

Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is

commenced by filing a complaint with the court."  A complaint must contain

(1)      a short and plain statement of the grounds for the court's jurisdiction .
. .;

---

[2] Section 1983 provides:  Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or
causes to be subjected, any citizen of the United States or other person within the jurisdiction
thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and
laws, shall be liable to the party injured in an action at law, suit in equity, or other proper
proceeding for redress, except that in any action brought against a judicial officer for an act or
omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a
declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this
section, any Act of Congress applicable exclusively to the District of Columbia shall be
considered to be a statute of the District of Columbia.

(2)     a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)     a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3).  Although Plaintiff's submission might satisfy the minimal requirements of Rule 8(a) by invoking 42 U.S.C. § 1983 (ECF No. 1 at 1) and requesting access to an adequate law library, the minimal factual allegations in Plaintiff's pleadings are insufficient to state a plausible claim for denial of his First Amendment right of access to the courts.  No factual allegations are provided about any of the named Defendants.  When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

In addition, the proposed order Plaintiff has submitted (ECF No. 2) in accordance with Local Rule 7.2(a)(1)(A) does not sufficiently describe the injunctive relief he seeks.  The Court is unable to overlook this requirement because of the specificity requirement of Rule 65(d) of the Federal Rules of Civil Procedure, which provides that

[e]very order granting an injunction or restraining order must:

(A)     state the reasons why it issued;

(B)     state its terms specifically; and

(C)     describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

Fed. R. Civ. P. 65(d)(1)(A)-(C).  Plaintiff's proposed order describes the relief sought only in general and conclusory terms.  For example, the proposed order would require Defendants

to "stop denying protective custody inmates" access to the courts and to an adequate law library and would require Defendants to "provide protective custody inmates proper legal advisors." (ECF No. 2 at 2.)

Furthermore, "Article III of the Constitution limits the judicial power to the adjudication of 'Cases' or 'Controversies.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 137 (2007) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."); *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001) (same). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Gov't Procurement*, 365 F.3d at 458.

Because Plaintiff is no longer incarcerated at the WCF, his claims concerning the sufficiency of access to the courts at that facility are now moot. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175

(6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at \*5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility).

Therefore, the Court DISMISSES Plaintiff's complaint as moot.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case as moot also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma*

*pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Despite the deficiencies in Plaintiff's filing, the Court has not assessed a "strike" under 28 U.S.C. § 1915(g) because it is possible that Plaintiff could have filed an amended complaint that cured the defects identified in this order if the complaint were not moot.